Noah C. McKinnon, Jr. County Attorney Flagler County
QUESTION:
May tourist development tax revenues be used to purchase two all-terrain vehicles for use by the Flagler Beach Police Department and Fire Department for a dune erosion and protection patrol which would apprehend persons causing damage to the dunes, survey the beach for erosion problems, videotape dunes for evaluation after storm or other damage has occurred, protect citizens and tourists, and perform other municipal functions?
SUMMARY:
Tourist development tax funds may be used to purchase all-terrain vehicles only if the primary purpose is to prevent erosion damage or to provide protection to the beach dune system, as opposed to general law enforcement or citizen and tourist safety.
The materials provided with your request indicate that a beach patrol by the Flagler Beach Police Department, Fire Department and Lifeguard Patrol would watch for persons causing damage to the dunes and enforce state laws and county and city ordinances protecting the beach and dunes. The patrol would also protect citizens and tourists and would survey the beach for erosion damage and the need for maintenance and renourishment. All-terrain vehicles would be needed to patrol the beach and it has been proposed that tourist development tax revenues be used to purchase such vehicles.
Section 125.0104, F.S., the "Local Option Tourist Development Act,"[1] authorizes any Florida county to impose a tax on short-term rentals of living quarters or accommodations in "any hotel, apartment hotel, motel, resort motel, apartment, apartment motel, roominghouse, mobile home park, recreational vehicle park, or condominium"[2] within the county, unless such activities are exempt from taxation pursuant to Ch. 212, F.S.
Subsection (5) of the act sets forth the purposes for which revenues from the tourist development tax may be spent. Pursuant to s. 125.0104(5)(a), F.S., as amended by s. 1, Ch. 92-204, Laws of Florida:
 All tax revenues received pursuant to this section by a county imposing the tourist development tax shall be used by that county for the following purposes only:
1. To acquire, construct, extend, enlarge, remodel, repair, improve, maintain, operate, or promote one or more publicly owned and operated convention centers, sports stadiums, sports arenas, coliseums, or auditoriums, or museums that are publicly owned and operated or owned and operated by not-for-profit organizations and open to the public, within the boundaries of the county . . . ;
2. To promote and advertise tourism in the State of Florida and nationally and internationally;
3. To fund convention bureaus, tourist bureaus, tourist information centers, and news bureaus as county agencies or by contract with the chambers of commerce or similar associations in the county; or
4. To finance beach improvement, maintenance, renourishment, restoration, and erosion control, including shoreline protection, enhancement, cleanup, or restoration of inland lakes and rivers to which there is public access. (e.s.)
Where a statute enumerates the things upon which it operates, it is generally considered to exclude from its operation all other things not expressly mentioned.[3] Thus, as this office consistently has concluded, the specific provisions of s.125.0104, F.S., limit the expenditure of tourist development tax revenues to those purposes contained therein and imply the exclusion of all others.[4]
The determination of whether the primary purpose of a particular project is to carry out the provisions in s. 125.0104, F.S., is one which must be made by the governing body of the county and not by this office.[5] Therefore, if the all-terrain vehicles are found to primarily serve the purpose of "beach improvement, maintenance, renourishment, restoration, and erosion control," tourist development tax revenues may be used for their purchase.
In AGO 90-55, this office determined that the terms "beach improvement, maintenance, renourishment, restoration, and erosion control" must be read together to relate to the actual, physical nature of the beach. Thus, artificial structures generally are not contemplated as an approved purpose under s. 125.0104, F.S. It was noted, however, that under certain circumstances, dune walkovers or dune protection walkways have been recognized by the state to constitute a method of beach preservation and erosion control.[6]
Accordingly, there are instances where the governing body of the county could make the determination that the construction of such a walkover is to secure the physical integrity of the beach and is a valid method of erosion control which may be funded by tourist development tax revenues.
While the dune walkovers considered in AGO 90-55 provide a convenient access to the beach for tourists and citizens, their basic, continuing function is to protect the dunes from erosion caused by foot traffic. The proposed beach patrols appear to be designed primarily to provide a monitoring system for activities on the beach, i.e., protecting beachgoers.[7]
Ultimately, however, whether the all-terrain vehicles serve to control erosion is a determination, based upon the proper legislative findings, which the governing body of the county must make.
[1] Section 125.0104(1), F.S.
[2] Section 125.0104(3)(a), F.S.
[3] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976). And see, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342
(Fla. 1952) (a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way).
[4] See, AGO 88-49 (expenditure of tourist development tax revenues is limited to those purposes set forth in the statute), AGO 87-16 (tourist development tax revenues may be used to improve, maintain, renourish or restore public shoreline or beaches of inland freshwater lakes), and AGO 86-68 (tourist development tax revenues may be used for beach cleaning and maintenance).
[5] See, AGO's 87-16 and 83-18 (determination of whether a project is tourist related and furthers such primary purpose is a factual determination which must be made by the legislative and governing body of the county founded upon appropriate legislative findings and due consideration of the peculiar and prevailing local conditions and needs).
[6] See, Rule 16B-36.004, F.A.C., setting forth projects including dune protective walkways and beach dune overwalks which are eligible for financial assistance under the Beach Erosion Control Assistance Program and Ch. 161, F.S., relating to beach and shore preservation.
[7] Cf., AGO 90-14, in which this office concluded that the provision of law enforcement by the county is a general govern-mental function owed to the public at large which may not be funded with tourist development tax revenues. Compare also, SB 1286 and HB 2935, two bills which failed during the 1990 Florida Legislative Session, which would have authorized the expenditure of tourist development tax revenues "[t]o enhance public safety and security in tourist districts and facilities" with s. 125.0104(5)(a)4., F.S.